J-S03015-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAMAL JONES | : | |
| | : | |
| Appellant | : | No. 869 EDA 2022 |

Appeal from the PCRA Order Entered March 10, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0000591-2016

BEFORE:  BOWES, J., McCAFFERY, J., and SULLIVAN, J.

MEMORANDUM BY BOWES, J.:                    **FILED FEBRUARY 28, 2023**

Jamal Jones appeals from the March 10, 2022 order dismissing his petition pursuant to the Post-Conviction Relief Act ("PCRA").  We affirm.

We glean the factual and procedural history of this matter from the certified record.  The trial court has prepared an apt summary of the underlying facts of this controversy, as follows:

> On May 25, 2015, around 8:16 p.m., several people were attending a family cookout at 1918 East Monmouth Street. Around this time, two family members began to argue at the opposite end of the block. . . .  As the argument escalated, a few additional family members moved towards the end of the block to see what was happening.  At some point, one of the attendees called [Appellant] to the area where the argument was taking place.  When [Appellant] arrived at the scene, he pulled out a forty-caliber, silver automatic handgun and fired it into the crowd, primarily in the direction of the two men who started the argument.  [Appellant] fired a total of four shots, striking one victim, Robert McCaskill, in the back.  The bullet entered [the victim's] back and traveled through his chest cavity.  [He] was immediately rushed to Temple University Hospital, where he was

intubated and held for the remainder of the week. Police recovered four fired cartridge casings from the scene and determined that each casing was fired from the same gun. Additionally, an eyewitness, Terrell Trapp, identified [Appellant] as the individual who shot in his direction and shot Mr. McCaskill. Another eyewitness, Malika Trapp, also identified [Appellant] as the individual who shot at her son, Terrell Trapp.

Trial Court Opinion, 5/16/22, at 1-2.

Appellant was arrested and charged with, *inter alia*, attempted murder and prohibited possession of a firearm in connection with these events. On July 12, 2017, he entered an open plea of *nolo contendere* to these two counts in exchange for the Commonwealth not seeking the imposition of a mandatory minimum sentence pursuant to 42 Pa.C.S. § 9714(a)(1) (providing for a minimum sentence of ten years following a second conviction for a "crime of violence") and the remaining charges being *nolle prossed*.

Thereafter, Appellant filed a motion seeking to withdraw his plea on the grounds that he was innocent. **See** Motion to Withdraw, 9/1/17, at ¶¶ 1-6; **see also** N.T. Hearing, 4/9/18, at 3-4 ("Basically the motion is that [Appellant] wishes to file through a presentence motion to withdraw his guilty plea on the fair and just reason that he is innocent."). The trial court denied Appellant's request and proceeded to sentencing. On May 14, 2018, the trial court sentenced Appellant to twelve to twenty-four years of incarceration in connection with his plea to attempted murder and imposed a consecutive, eight-year term of probation as to the firearms offense. Appellant filed a motion for reconsideration of his sentence, which the trial court denied.

Appellant filed a direct appeal to this Court, arguing that the trial court erred in refusing to permit him to withdraw his plea and challenging the discretionary aspects of judgment of sentence. *See Commonwealth v. Jones*, 221 A.3d 321 (Pa.Super. 2019) (non-precedential decision at 1-6). We affirmed Appellant's judgment of sentence on August 28, 2019. Thereafter, Appellant did not seek discretionary review in our Supreme Court.

On August 25, 2020, Appellant filed a timely, *pro se* PCRA petition. Counsel was appointed and an amended petition was filed asserting that plea counsel was ineffective for advising Appellant to enter a plea of no contest. *See* Amended PCRA Petition, 8/26/20, at ¶¶ 14-21. Ultimately, counsel sought to withdraw pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). The PCRA court filed notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907. After seeking and receiving several extensions, Appellant filed a timely, *pro se* response reasserting the claims presented in his original petition.

On March 10, 2022, the PCRA court entered an order dismissing Appellant's petition and granting counsel's motion to withdraw. On March 21, 2022, Appellant filed a timely, *pro se* notice of appeal to this Court. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant has raised the following issue for our consideration:[1] "Whether the PCRA court err[ed] as a matter of law in denying Appellant's PCRA [petition] under constitutional ineffectiveness when counsel coerced and provided erroneous advice to enter a plea of *nolo contendere*[.]" Appellant's brief at 4. Our standard of review in this context is practically axiomatic:

> In PCRA appeals, our standard of review is well-settled. When reviewing the denial of a PCRA petition, an appellate court must determine whether the PCRA court's order is supported by the record and free of legal error. Generally, a reviewing court is bound by a PCRA court's credibility determinations and its fact-finding, so long as those conclusions are supported by the record. However, with regard to a court's legal conclusions, appellate courts apply a *de novo* standard.

***Commonwealth v. Drummond***, 285 A.3d 625, 633 (Pa. 2022) (cleaned up).

The gravamen of Appellant's allegation is that plea counsel induced him to plead *nolo contendere* by misleading him regarding the sentence he would

---

[1] Portions of Appellant's brief suggest that he may also be seeking separate relief under the PCRA with respect to the trial court's denial of his request to withdraw his plea. **See** Appellant's brief at 2 ("Did the trial court err in not allowing [A]ppellant to withdraw his plea?"). This issue was previously and fully litigated on the merits during direct review. **See Commonwealth v. Jones**, 221 A.3d 321 (Pa.Super. 2019) (non-precedential decision at 4-5). Thus, Appellant is ineligible for relief under the PCRA with respect to any arguable error by the trial court in denying his petition to withdraw his guilty plea. **See** 42 Pa.C.S. §§ 9543(a)(3), 9544(a)(2). While Appellant's ineffectiveness arguments also implicate the validity of his plea, our Supreme Court has held that "ineffectiveness claims are distinct from those claims that are raised on direct appeal. The former claims challenge the adequacy of representation rather than the conviction of the defendant." **Commonwealth v. Collins**, 888 A.2d 564, 573 (Pa. 2005). Thus, as a threshold matter, we find that Appellant's instant claims of ineffectiveness are cognizable in the context of the PCRA and not previously litigated.

- 4 -

receive. *See* Appellant's brief at 7 (asserting that Appellant entered his plea with the understanding "that the sentence imposed would amount to be [eight] to [sixteen] years imprisonment."). We disagree.

As a general proposition, "[a] criminal defendant has the right to effective counsel during a plea process as well as during trial." *Commonwealth v. Moser*, 921 A.2d 526, 531 (Pa.Super. 2007). More specifically, "[a]llegations of ineffectiveness in connection with the entry of a . . . plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." *Commonwealth v. Kelley*, 136 A.3d 1007, 1013 (Pa.Super. 2016). The basic legal standards governing ineffectiveness are well-established:

> Counsel is presumed to be effective, and appellant bears the burden of proving otherwise. To prevail on an ineffectiveness claim, appellant must establish: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) appellant suffered prejudice as a result of counsel's error such that there is reasonable probability that the result of the proceeding would have been different absent such error. Failure to prove any prong of this test will defeat an ineffectiveness claim.

*Commonwealth v. Fears*, 86 A.3d 795, 804 (Pa. 2014) (cleaned up). Moreover, "[w]hen an appellant fails to meaningfully discuss each of the three ineffectiveness prongs, he is not entitled to relief, and we are constrained to find such claims waived for lack of development." *Id*. (cleaned up).

Initially, Appellant's brief to this Court is entirely devoid of any mention or meaningful discussion of these necessary ineffectiveness prongs. ***See***

- 5 -

Appellant's brief at 1-7. On this ground, alone, we could conclude Appellant has waived his sole claim on appeal. ***See Fears***, ***supra*** at 804.

Moreover, the certified record does not support the merits of Appellant's arguments. In determining "a defendant's actual knowledge of the implications and rights associated with a . . . plea, a court is free to consider the totality of the circumstances surrounding the plea." ***Commonwealth v. Allen***, 732 A.2d 582, 588-89 (Pa. 1999). Here, the certified record makes clear that Appellant voluntarily entered an "open" plea of *nolo contendere*, *i.e.*, there was no agreement regarding the term of years that he would receive as part of his sentence. ***See*** N.T. Plea Hearing, 7/12/17, at 4-5 (confirming Appellant was entering an "open" plea and that the "maximum sentence" possible was fifty years of incarceration). This agreement was the product of negotiations that were documented in two letters between plea counsel and Appellant. ***See*** PCRA Petition, 8/25/22, at Exhibits B, D.

In the first letter dated May 9, 2017, plea counsel advised Appellant that he was "trying" to negotiate a deal with the Commonwealth whereby Appellant would be sentenced to eight to sixteen years of incarceration and five years of probation. ***Id***. at Exhibit B. On June 22, 2017, plea counsel sent a follow-up letter wherein he communicated that the Commonwealth had offered to not seek the imposition of a mandatory minimum sentence of ten years pursuant to § 9714(a)(1) and withdraw several charges in exchange for an open plea. ***Id***. at Exhibit D; ***see also*** N.T. Plea Hearing, 7/12/17, at 5.

Ultimately, Appellant accepted this agreement and the Commonwealth upheld its promise by not seeking the imposition of a mandatory sentence and withdrawing charges including aggravated assault, simple assault, and recklessly endangering another person. *See* N.T. Plea Hearing, 7/12/17, at 5-7; Disposition Form, 7/12/17, at 1-2. During Appellant's plea hearing, the attorney for the Commonwealth even emphasized that this agreement did not include any other sentencing restrictions: "[T]his does **not** mean in any way, shape, or form that the Commonwealth is going to ask for less than 10 years. **In fact we're going to ask for more.**" *Id*. (emphasis added).

Although plea counsel may have originally sought a sentencing recommendation from the Commonwealth for eight to sixteen years of imprisonment, it is clear the "best" deal he was able to secure did not include this proviso. Instead, the Commonwealth agreed not to seek the imposition of a ten-year mandatory minimum sentence and withdraw several charges in exchange for Appellant's open plea. More importantly, both the letters and the transcripts cited above confirm that Appellant was fully apprised of these developments in the negotiations and made an informed decision to enter an open plea with the understanding that the trial court was within its rights to impose a sentence of up to fifty years of incarceration. *See* N.T. Plea Hearing, 7/12/17, at 5. There is simply no support in the record for Appellant's contention that plea counsel misrepresented the nature of the plea agreement, or that counsel ever promised Appellant that he would receive an

aggregate sentence of only eight to sixteen years of imprisonment. Thus, we find no arguable merit in Appellant's allegations of ineffectiveness.

Based on the foregoing, we discern no error of law or abuse of discretion in the PCRA court's dismissal of Appellant's petition. ***See Commonwealth v. Parker***, 249 A.3d 590, 595 (Pa.Super. 2021) ("[T]his Court may affirm a PCRA court's order on any legal basis . . . supported by the certified record").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/28/2023